## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LATICIA MARTINEZ,

        Plaintiff,

v.

THE SCHOOL DISTRICT OF THE
CITY OF WYANDOTTE, RONNY
JAMES SHEELER, JR., THOMAS
DESANA, and MARTIN JANESKI,
jointly and severally,

        Defendants.

_____/

Case No.:
Hon.

**COMPLAINT AND DEMAND
DEMAND FOR JURY TRIAL**

JAMES J. HARRINGTON, IV (P65351)
JENNIFER G. DAMICO (P51403)
FIEGER, FIEGER, KENNEY &
HARRINGTON, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555/Fax (248) 355-5148
j.harrington@fiegerlaw.com
j.damico@fiegerlaw.com

_____/

NOW COME Plaintiff, LATICIA MARTINEZ, through her attorneys,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for her Complaint

against Defendants, hereby states:

## PRELIMINARY STATEMENT AND INTRODUCTION

1.    From at least 2019 until 2022, information technology (IT) network

administrator and bowling coach, employed by The School District of the City Wyandotte, commonly known as Wyandotte Public Schools (the "DISTRICT"), groomed, harassed, coerced, manipulated, sexually molested, and raped student, Plaintiff, LATICIA MARTINEZ, who attended the DISTRICT's Roosevelt High School ("RHS" or "high school"), from 2018 through 2022.

2.    The sexual abuse occurred on DISTRICT property during school hours, during school-sanctioned activities, or while using school hardware and information technology equipment, and a school-sanctioned software application program ("App"), while Defendants, described more fully herein, were responsible for supervising and managing the perpetrator, Defendant, RONNY JAMES SHEELER, JR.

3.    A school district, their employees, directors, and administrators, must be vigilant about protecting students from sexual abuse perpetrated by other employees. The abuse at issue could have been prevented if the Defendants had properly supervised and managed Defendant, RONNY JAMES SHEELER, JR., their IT employee, and bowling coach, or  acted on their subjective knowledge regarding his illegal conduct.  At a minimum, the Defendants were consciously and recklessly indifferent.  They intentionally turned a blind eye to Defendant, RONNY JAMES SHEELER, JR.'s, wrongful conduct, facilitating his abuse.   They deliberately ignored the red flags raised by Defendant, RONNY JAMES

SHEELER, JR.'s, conduct.   They failed to report his crimes to appropriate authorities, as required by Michigan law.

4.   The Defendants recklessly facilitated, created, contributed to, and/or otherwise failed to prevent or even address the dangerous situation in which Defendant, RONNY JAMES SHEELER, JR., was allowed to access, groom, abuse, harass, coerce, manipulate, and sexually assault and rape, Plaintiff, LATICIA MARTINEZ, in the following ways, including but not limited to:

   a.   The DISTRICT's administrators authorized, permitted, and encouraged their IT network specialist, RONNY JAMES SHEELER, JR., a 31-year-old male, unfettered communication by way of chatting, texting, messaging, and otherwise interacting with teenage females, including Plaintiff, on a District-sponsored App called "Remind" without supervision or oversight;

   b.   The DISTRICT's administrators and high school faculty, directors, supervisor, and staff, authorized and permitted their IT network specialist, RONNY JAMES SHEELER, JR., unfettered access to school district property including computers and their information network, to communicate, chat, text, message, play video games, and otherwise interact with teenage female students, including Plaintiff, during school hours while the students were quarantined at home, and RONNY JAMES SHEELER, JR. was on school property;

   c.   Because of his unfettered and unsupervised access to school district property including computers and  the information network, to communicate, chat, text, message, play video games, and otherwise interact with teenage students, RONNY JAMES SHEELER, JR., was able to groom, abuse and sexually assault Plaintiff,

LATICIA MARTINEZ, by sending photographs of his genitals and videos of himself masturbating;

d.   Because of his unfettered and unsupervised access to school district property including computers and their information network, RONNY JAMES SHEELER, JR., was able to groom, abuse, harass, coerce, manipulate, and repeatedly sexually assault Plaintiff, LATICIA MARTINEZ, including by luring her into the staff offices and disabling security cameras, monitoring, and recording equipment;

e.   Because of the DISTRICT's failure to properly train and supervise its employees and coaching staff regarding child protection laws, inappropriate conduct between staff and students, recognizing signs of sexual abuse and/or grooming, RONNY JAMES SHEELER, JR., was able to groom, abuse, harass, coerce, manipulate, and repeatedly sexually assault Plaintiff, LATICIA MARTINEZ; and

f.   Despite Defendants subjective knowledge of RONNY JAMES SHEELER, JR.'s, highly inappropriate and illegal conduct towards Plaintiff, LATICIA MARTINEZ, by failing to act by immediately terminating RONNY JAMES SHEELER, JR., or otherwise reporting him to law enforcement authorities.

5.   Defendant, RONNY JAMES SHEELER, JR.'s, abuse of Plaintiff, LATICIA MARTINEZ, was known to, and facilitated by, DISTRICT employee, Defendant, THOMAS DESANA, the high school's athletic director, administrator, and supervisor of all coaches, including the girls' and boys' bowling team.

6.     Defendant, RONNY JAMES SHEELER, JR.'s, abuse of Plaintiff, LATICIA MARTINEZ, was known to, and facilitated by, DISTRICT employee, Defendant, MARTIN JANESKI, the girls' bowling coach.

7.     On February 22, 2022, Defendant, RONNY JAMES SHEELER, JR., lured Plaintiff, LATICIA MARTINEZ, into his office at the high school, pinned her against a file cabinet, turned off the video surveillance cameras and monitors, and sexually assaulted her.  Plaintiff resisted his assault, telling him "no" and pushed him away as he pulled down her underpants.  Plaintiff realized that fighting him was futile as she was much smaller than him and intimidated by his power and control. Defendant, RONNY JAMES SHEELER, JR., committed sexual assault and battery with penetration on Plaintiff, LATICIA MARITINEZ, in violation of state and federal laws.

8.     As a result of the wrongful and illegal conduct described in this Complaint, Plaintiff, LATICIA MARTINEZ, suffered and continues to suffer, serious and irreparable harms.

## JURISDICTION AND VENUE

9.     This action is brought, in part, pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et. seq.* as more fully set forth herein.

10.    This is also an action for deprivation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution

pursuant to 42 U.S.C. § 1983.

11.     Additionally, Plaintiff seeks redress for injuries, damages, and harms under Michigan law, statutory and common law causes of action, over which this Court has pendant jurisdiction as set forth below.

12.     Subject matter jurisdiction is founded upon 28 U.S.C. § 1331 which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

13.     Subject matter jurisdiction is also founded upon 28 U.S.C. § 1343 which gives district courts original jurisdiction over any civil actions authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

14.     Plaintiff invokes supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the events and omissions giving rise to Plaintiff's claims.

15.     Venue is proper in the United States District Court for the Eastern

District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claims occurred.

## PARTIES

16.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

17.   Plaintiff, LATICIA MARTINEZ ("Plaintiff" or "MARTINEZ"), is a resident of Wayne County, Michigan, and, at all times relevant, was a student within the DISTRICT. Plaintiff was a student at RHS when all wrongful conduct as alleged in this Complaint occurred.

18.   Defendant, THE SCHOOL DISTRICT OF THE CITY OF WYANDOTTE, commonly known as Wyandotte Public Schools (the "DISTRICT"), is and was at all times relevant, a public school organized and existing under the laws of the State of Michigan. The DISTRICT receives federal financial assistance and therefore is subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681(a).

19.   Defendant, RONNY JAMES SHEELER, JR. ("SHEELER"), is a resident of Wayne County, Michigan, and, at all times relevant, was an employee of DISTRICT, and is being sued in his individual capacity.

20.   Defendant, THOMAS DESANA ("DESANA"), is a resident of Wayne County, Michigan, and, at all times relevant, was an employee of DISTRICT, and

is being sued in his individual capacity.

21.    Defendant, MARTIN JANESKI ("JANESKI"), is a resident of Wayne County, Michigan, and, at all times relevant, was an employee of DISTRICT, and is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

22.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

23.    Defendant, SHEELER, at all times relevant, was employed by the DISTRICT, as an IT network administrator and bowling coach for the Roosevelt High School boys' bowling team.

24.    Plaintiff, MARTINEZ, was a student at RHS from September 2018 through May 2022.

25.    Plaintiff joined the RHS girls' bowling team during her freshman year.

26.    Defendant, JANESKI, at all times relevant, was employed by the DISTRICT, as bowling coach for the RHS girls' bowling team.

27.    Upon information and belief, at all times relevant, Defendant, DESANA, was a school administrator.  He was the athletic director for RHS, and the supervisor of Defendants, SHEELER and JANESKI.

28.    During her sophomore year, Defendant, SHEELER, began grooming Plaintiff, a 15-year-old minor, standing at 5'0" tall and weighing 105 lbs.

29.     Defendant, SHEELER, age 31, 5'11" tall, weighing approximately 260 lbs., was inappropriate and flirtatious with Plaintiff during bowling practices and school-provided transportation (bus rides) to and from team matches.

30.     Defendant, SHEELER, told sexual jokes, made sexual innuendos and references to Plaintiff during bowling practices and bus rides to and from team matches.

31.     The purpose of Defendant, SHEELER's, inappropriate communication was to desensitize Plaintiff to sexual topics, to gain her trust, and to normalize sexual conduct in preparation for sexual abuse and assault, i.e. to "groom" her.

32.     During her junior year, when Plaintiff was 16, Defendant, SHEELER, requested that Plaintiff communicate with him during and outside of school, on the district-sponsored application called "Remind."

33.     Defendant, SHEELER, requested that Plaintiff play video games with him, including the game "Minecraft", where they would communicate through an application called "Discord."

34.     Defendant, SHEELER, sent sexual messages, videos, photographs, and communications to the then minor Plaintiff through Remind and Discord.

35.     When the sexual messaging started, Plaintiff, a minor, told Defendant, SHEELER, that she was uncomfortable with the sexual content and had a boyfriend.

36.     Defendant, SHEELER, pursued the minor Plaintiff, using coercive, exploitative behaviors and communications to build a relationship with Plaintiff, including telling her how mature she was, that she was "different", beautiful, and that they could be in a relationship, among other things.

37.     Defendant, SHEELER, sent naked and sexual photographs to Plaintiff, and requested that Plaintiff send him naked and sexual photographs to him. Specifically, he sent messages requesting that Plaintiff  "show me your breasts" through Remind and/or Discord.

38.     Defendant, SHEELER's, conduct was coercive and exploitative, and done for the purpose of his own sexual gratification, and in his quest for sexual activity, namely, intercourse, with Plaintiff.

39.     Upon informative and belief, Defendant, DISTRICT, did not monitor the communications on Remind.

40.     Upon informative and belief, Defendant, DISTRICT, did not have rules or policies that prohibited communications between employees and students, that were not related to school activities.

41.      Plaintiff began to trust Defendant, SHEELER, and began to believe that his inappropriate behavior and communications were normal, that they had a genuine connection, and that he loved her or was falling in love with her.

42.     Defendant, SHEELER, masturbated while video-communicating with Plaintiff on Discord or Remind.

43.     Due to her age and inexperience, Plaintiff was mentally and emotionally incapable of rebuffing, discouraging, or rejecting Defendant, SHEELER.

44.     Defendant, SHEELER's illegal and inappropriate conduct increased and intensified during the COVID-19 pandemic, when RHS students, including Plaintiff, were participating in school from home.

45.     Defendant, SHEELER, preyed on Plaintiff's mental and emotional immaturity, insecurities, and isolation, during the COVID-19 pandemic.

46.     During her senior year, when Plaintiff was 17, she was a varsity member of the girls' bowling team.

47.     Due to Defendant, SHEELER's, manipulation and coercion, Plaintiff believed that they were in a relationship.

48.     Upon return to in-person classes, and during the bowling season (a "winter" sport), Defendant, SHEELER, sat next to Plaintiff on the District bus to and from team matches.

49.     Defendant, SHEELER, regularly sexually assaulted Plaintiff by digitally penetrated her vagina, while on the District bus to and from team matches.

50.     Defendant, SHEELER, began to follow Plaintiff to and from classes at RHS, and watch her movements on District owned security cameras and monitors.

51.     Defendant, SHEELER, questioned Plaintiff regarding her whereabouts, and with whom she was talking, especially regarding male students.  He was increasingly manipulative, jealous, coercive, and abusive towards Plaintiff.

52.     Plaintiff turned 18 on January 5, 2022.

53.     Defendant, SHEELER, continued to sexually assault Plaintiff, a student, during school-sponsored bowling matches, by digitally penetrating her vagina, while riding the bus, during her senior year at RHS.

54.     Upon information and belief, Defendant, JANEKSI, Plaintiff's coach, attended all team bowling matches, and was a passenger on the bus, when Defendant, SHEELER, sexually assaulted, and continued to assault, the Plaintiff.

55.     Upon information and belief, Defendant, JANESKI, knew or suspected that Defendant, SHEELER, was engaging in inappropriate sexual conduct with Plaintiff, and was harassing her.

56.     Upon information and belief, on several occasions, Defendant, JANESKI, told Defendant, SHEELER, to stop following Plaintiff to classes, to stop communicating with her, and to leave her alone, as it was obvious that their relationship was inappropriate, illegal, and causing Plaintiff to feel uncomfortable at school and during bowling practices and matches.

57.    Upon information and belief, Defendant, JANESKI, failed to immediately act by reporting Defendant, SHEELER's, illegal and inappropriate conduct to his supervisor, Defendant, DESANA, RHS administration, or any law enforcement agency or official.

58.    Shortly after her 18th birthday, in February of 2022, Defendant, SHEELER, began planning a rendezvous with Plaintiff on school property, so they could have sexual intercourse.

59.    Upon information and belief, Defendant, SHEELER, communicated his plan to have sexual intercourse with Plaintiff via the Remind and/or Discord applications.

60.    Plaintiff resisted Defendant, SHEELER's, requests for intercourse, and again, told him that she had a boyfriend, and was unsure about having sex with him.

61.    On several occasions, Plaintiff unequivocally told Defendant, SHEELER, that she would not engage in sexual intercourse with him.

62.    Defendant, SHEELER, continued to ask for intercourse, and pressured, coerced, harassed, and intimidated Plaintiff.

63.    Defendant, SHEELER, continued to follow Plaintiff to classes, watch her on school security cameras/monitors, and to pressure her to have sex.

64.    Upon information and belief, during Defendant, SHEELER's, campaign to have sex with Plaintiff, Defendant, JANESKI, notified athletic director,

supervisor, and administrator, Defendant, DESANA, on numerous occasions, of Defendant, SHEELER's, illegal and inappropriate conduct.

65.     Upon information and belief, Defendant, DESANA's, only response was to tell Defendant, SHEELER, to "knock it off" despite having a mandatory duty to report his conduct immediately to school administration.

66.     Defendants, DESANA and JANESKI, had subjective knowledge that Defendant, SHEELER, was engaging in an inappropriate and possibly illegal sexual relationship with Plaintiff.

67.     Upon information and belief, Defendant, DESANA, had an obligation, as a "mandatory reporter" under state law, to report Defendant, SHEELER's, illegal and inappropriate conduct to RHS administration or law enforcement.

68.     Upon information and belief, Defendant, DESANA, failed to act by reporting Defendant, SHEELER's, illegal and inappropriate conduct to RHS administration or any law enforcement agency or official.

69.     The failure to act by Defendants, JANESKI and DESANA, allowed Defendant, SHEELER, to continue his pressure campaign for sexual intercourse with Plaintiff.

70.     On or about February 22, 2022, Plaintiff agreed to meet Defendant, SHEELER, in his office, on DISTRICT property.

71.     When Plaintiff arrived at his office, Defendant, SHEELER, led her into Defendant, SHEELER's, office.

72.     Upon information and belief, Defendant, SHEELER, the school's IT administrator, disengaged and/or redirected the security cameras and monitors leading to and in his office.

73.     Defendant, SHEELER, then pinned Plaintiff against a file cabinet and outside of the view of any security cameras.

74.     Defendant, SHEELER, began to sexually assault Plaintiff.

75.     Defendant, SHEELER, pulled down her pants and underpants, and penetrated Plaintiff's vagina with his thumb and tongue.

76.     Plaintiff told him "no" and to stop.

77.     Defendant, SHEELER, did not stop.

78.     Plaintiff attempted to push him away, but she was trapped against the file cabinet and lacked the strength to stop Defendant.

79.     Plaintiff experienced a disconnection and sensation of "floating above her body" while watching herself being assaulted in horror and disbelief.

80.     Defendant, SHEELER, continued to assault Plaintiff digitally and orally.

81.     Plaintiff did whatever she could to endure the assault.

82.     Upon information and belief, after Defendant, SHEELER, was satisfied, Plaintiff tried to act like "things were normal" even though she was distraught and terrified.

83.     Defendant, SHEELER, eventually allowed Plaintiff to leave the office while the cameras were disengaged.

84.     Defendant, SHEELER, continued to communicate with Plaintiff to ensure that she would not report him.

85.     By early April 2022, Plaintiff realized that she was, and had continually been, sexually assaulted by Defendant, SHEELER.

86.     Plaintiff ceased communicating with Defendant, SHEELER, despite his pressure and requests to engage in inappropriate and illegal activity.

87.     Plaintiff told her former boyfriend about the assault.

88.     Upon information and belief, Plaintiff's former boyfriend was not supportive.  He called her derogatory names and began spreading the news around the school.

89.     Plaintiff was mortified, humiliated, and emotionally distraught.

90.     A few days after she told her former boyfriend about the assault, an RHS teacher saw Plaintiff hysterically crying at school.

91.    The teacher, who upon information and belief, heard the rumors of the assault, took Plaintiff to the RHS principal's office, where she told him that she was sexually assaulted, and had been continually assaulted, by Defendant, SHEELER.

92.    Defendant, SHEELER, was arrested and charged with 3 counts of criminal sexual conduct (C.S.C.): 1 count of felony C.S.C. -3rd Degree (with a student), and 2 counts of misdemeanor C.S.C.-4th (with a student).   M.C.L. 750.520d(1)(e) and M.C.L. 750.520e(1)(f).

93.    Defendant, SHEELER, pled guilty to and was convicted of 2 counts of misdemeanor C.S.C.-4th (with a student).

94.    Defendant, SHEELER, was sentenced to 3 years of probation, assessed costs and fines of approximately $2,400, and was required to register as a sex offender.

95.    Plaintiff spent the remainder of her senior year ridiculed, ashamed, humiliated, taunted, embarrassed, and otherwise emotionally and mentally distraught.

96.    Plaintiff suffered, and continues to suffer, harms and damages as a proximate result of Defendants' wrongful conduct, including but not limited to:

      a.    Physical pain and suffering;

      b.    Emotional and mental pain and suffering;

      c.    Physical manifestations of emotional distress;

d.   Extreme fear, fright, and shock;

e.   Complex post-traumatic stress;

f.   Depression and anxiety;

g.   Humiliation, embarrassment, shame, and guilt;

h.   Outrage;

i.   Sleep disorders including nightmares and insomnia;

j.   Decreased self-confidence,

k.   Increased insecurities in physical appearance;

l.   Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

m.   Loss of reputation;

n.   Other past, present, and future noneconomic damages,

o.   Past, present, and future economic damages; and

p.   All other damages that become known during litigation.

## **COUNT I - VIOLATION OF 20 U.S.C. § 1681 (TITLE IX)**

### **(AGAINST THE DEFENDANT, WYANDOTTE PUBLIC SCHOOLS)**

97.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

98.   Title IX of the Education Act of 1972, 20 U.S.C. §1681(a), *et. seq.* states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

(Commonly referred to as "Title IX").

99. Plaintiff was a student at the Defendant, DISTRICT's school, RHS, at the time of the assaults.

100. Plaintiff was subject to unlawful discrimination on the basis of sex.

101. Defendant, DISTRICT, at all times relevant, received federal financial assistance for its educational programs and activities, and is therefore a "recipient" and appropriate "person" subject to the provisions of Title IX.

102. Title IX includes prohibition disparate treatment and discrimination in any interscholastic, club or intramural athletics offered by a recipient.

103. Title IX protections encompass all the Defendant, DISTRICT's, traditional educational operations, athletics, and transportation to and from athletic events.

104. Plaintiff was subjected to unlawful discrimination on the basis of her gender.

105. All the educational programs and activities addressed in Plaintiff's Complaint, including participation on the girls bowling team, were covered operations and subject to Title IX.

106. Defendant, DISTRICT, employed and exercised control over Defendant, SHEELER, its IT network administrator, and bowling coach, at all times stated herein.

107. Defendant, DISTRICT, employed and exercised control over Defendant, JANESKI, its bowling coach, at all times stated herein.

108. Defendant, DISTRICT, employed and exercised control over Defendant, DESANA, its athletic director, and supervisor of coaches, including Defendants, SHEELER and JANESKI, at all times stated herein.

109. Defendant, SHEELER's, position as an IT network administrator and bowling coach, constitutes activities subject to Title IX and its protections.

110. Defendant, SHEELER's, inappropriate and illegal conduct, including the pursuit, coercion, harassment, manipulation, and assaults of Plaintiff, on the basis of sex, is prohibited discrimination under Title IX.

111. Further, Defendant's employees, JANESKI and DESANA, engaged in prohibited discrimination against Plaintiff based on her gender, as described in the Factual Allegations, *supra*.

112. That similarly situated individuals, i.e., male students on the bowling team, riding the bus to and from matches, were treated differently than Plaintiff.

113. Upon information and belief, male students were not subject to continued pursuit, coercion, harassment, manipulation, sexual assault, failure to

report, and failure to remediate the abuse, by Defendants, SHEELER, JANESKI, and DESANA.

114.   Reports of Defendant, SHEELER's, inappropriate and illegal conduct were made known to Defendant, DISTRICT's employees who were obligated to report suspected child abuse or neglect under M.C.L. 722.623 *et. seq*., commonly called the "Michigan Child Protection Laws."

115.   Reports of Defendant, SHEELER's, inappropriate and illegal conduct were made known to Defendant, DISTRICT's employees, including Defendant, DESANA, who had the authority to institute corrective measures to prevent further coercion,  harassment, abuse, discrimination, and the sexual assaults on Plaintiff.

116.   Defendant, DISTRICT, through its officials, had actual knowledge of the Defendant, SHEELER's, inappropriate and illegal conduct towards Plaintiff.

117.   Defendant, DISTRICT, through its officials, failed to carry out its duties to investigate and to take corrective action under Title IX, by immediately terminating Defendant, SHEELER, and contacting law enforcement.

118.   Therefore, Defendant, DISTRICT, through its officials, and employees, including Defendant, DESANA, violated Title IX by engaging in prohibited discrimination against Plaintiff, on the basis of sex, by the following acts or omissions:

      a.    Failing to take appropriate remedial action following the reports of Defendant, SHEELER's,

conduct towards Plaintiff;

b.  Failing to conduct an immediate and appropriate investigation after receiving complaints by Defendants, JANESKI and/or DESANA;

c.  Failing to prohibit and  prevent Defendant, SHEELER's, unfettered communication by way of chatting, texting, messaging, and otherwise interacting with Plaintiff District-sponsored App called "Remind" without supervision or oversight;

d.  Failing to prohibit and prevent Defendant, SHEELER's unfettered access to school district property including computers, cameras, and their information network, to communicate, chat, text & video message, play video games, and otherwise interact with Plaintiff during school hours, and on and off school property;

e.  Allowing Defendant, SHEELER, to be alone with Plaintiff, in a private faculty office, despite knowledge of his harassment and inappropriate behavior towards Plaintiff;

f.  Failing to implement and/or enforce mandatory reporting in violation of the Michigan Child Protection Act;

g.  Failing to train employees and staff members regarding the signs of sexual abuse and/or grooming, and reporting requirements;

h.  Aiding in the perpetuation of discrimination, harassment, and abuse against female students and Plaintiff, by condoning a culture of flirtatious behavior between female students and male employees;

i.  Failing to end the sexual abuse;

j.     Telling Defendant, SHEELER, to "knock it off" as
       a form of correction or behavior modification;

k.     Failing to investigate the wrongful conduct of
       Defendants, JANESKI and DESANA;

l.     Failing to reprimand, terminate, retrain, counsel or
       otherwise take any remedial action against
       Defendants, JANESKI and DESANA;

m.     Failing to offer supportive measures, including
       counseling and related services to Plaintiff;

n.     Allowing a Defendant, SHELLER, the boys'
       bowling coach to ride on the bus with the girls'
       bowling team after it knew, through its officials,
       that he was abusing Plaintiff;

o.     Treating the female students on the bowling team
       differently than the male members by subjecting
       Defendant, SHEELER, who was known to
       sexual harass and abuse females;

p.     Failing to correct or remediate the discrimination on
       the basis of sex by failing to punish or reprimand
       the male staff members, or administrators,
       Defendants, DESANA and JANESKI, for their
       conduct, as stated above, while Plaintiff continued
       to endure abuse, harassment, and bullying after
       Defendant, SHEELER was arrested; and

q.     Any other acts or omissions that become known
       during litigation.

119.   Defendant, DISTRICT's, response was clearly unreasonable in light of

the known circumstances stated herein.

120.   Defendant, DISTRICT, persisted in its actions and inaction after it had

actual knowledge of the inappropriate and illegal conduct of its employee, and the ongoing harms to Plaintiff.

121. Defendant, DISTRICT's, wrongful conduct denied Plaintiff access to equal opportunities to educational programs and activities at RHS.

122. That as a proximate cause of Defendant, DISTRICT's, foregoing violations of Title IX, Plaintiff, MARTINEZ, sustained substantial damages as alleged in this Complaint, including and without limitation:

     a.    Physical pain and suffering;

     b.    Emotional and mental pain and suffering;

     c.    Physical manifestations of emotional distress;

     d.    Extreme fear, fright and shock;

     e.    Complex post-traumatic stress;

     f.    Depression and anxiety;

     g.    Humiliation, embarrassment, shame, and guilt;

     h.    Outrage;

     i.    Sleep disorders including nightmares and insomnia;

     j.    Decreased self-confidence,

     k.    Increased insecurities in physical appearance;

     l.    Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

     m.    Loss of reputation;

     n.    Other past, present, and future noneconomic damages,

     o.    Past, present, and future economic damages; and

     p.    All other damages that become known during litigation.

123.   Plaintiff, MARTINEZ, was prevented and will continue to be prevented from performing her daily activities to her fullest potential, and obtaining the full enjoyment of life, due to the Defendant, DISTRICT's wrongful conduct described in this Complaint.

125.   Plaintiff, MARTINEZ, sustained and will continue to sustain a loss of earnings and earning capacity, and will require continued treatment, therapy, counseling, and possible hospitalization, to treat the mental and emotional trauma caused by DISTRICT's wrongful conduct.

WHEREFORE, Plaintiff, LATICIA MARTINEZ, respectfully prays that a Judgment be entered in her favor, and against Defendant, WYANDOTTE PUBLIC SCHOOLS for the following:

     a.  Compensatory damages;

     b.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

     c.  All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 – VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE AND UNLAWFUL SEIZURE

## (AGAINST DEFENDANT, RONNY JAMES SHEELER, JR.)

126.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

127.   42 U.S.C. §1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state of territory of the District of Colombia subjects or caused to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secure by the constitution and shall be liable to the party injured in an action at law, suit or in equity, or other appropriate proceedings for redress.

128.   At all times relevant, Defendant, SHEELER, was acting under the color of state law, employed by Defendant, DISTRICT, acting in the scope of his employment, and in his capacity IT network administrator and bowling coach.

129.   At all times relevant, Plaintiff had a clearly established right to be free from unreasonable searches, seizures, and excessive force, pursuant to the Fourth Amendment to the United States Constitution, which includes the right to be free from the multiple sexual assaults that occurred on school property and the sexual assault that occurred on February 22, 2022, in the staff office on Defendant, DISTRICT, property.

130.   At all relevant times, Plaintiff's liberty protected by the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including her right to personal safety and bodily integrity, and equal protection from discrimination and harassment based on sex, were clearly established.

131.   Defendant, SHEELER, confined Plaintiff, a high school student, to a room, pinned her behind a file cabinet, where she was not free to leave, and raped her.

132.   Any reasonable person, including Defendant, SHEELER, would know that his conduct was illegal and violative of Plaintiff's constitutional rights.

133.   Defendant, SHEELER, was arrested, charged, and convicted of two counts of criminal sexual conduct.

134.   Defendant, SHEELER, is not entitled to qualified immunity as the law was clearly established, his seizure of Plaintiff was objectively unlawful, and his use of force was unjustifiably excessive.

135.   Defendants, SHEELER's conduct was, and remains, extreme, outrageous, outrageous, and shocks-the-conscience, subjecting him to punitive damages.

136.   Defendant, SHEELER's, wrongful and illegal conduct was a proximate cause of Plaintiff's injuries and damages, including, but not limited to:

a.    Physical pain and suffering;

b.    Emotional and mental pain and suffering;

c.    Physical manifestations of emotional distress;

d.    Extreme fear, fright and shock;

e.    Complex post-traumatic stress;

f.    Depression and anxiety;

g.    Humiliation, embarrassment, shame, and guilt;

h.    Outrage;

i.    Sleep disorders including nightmares and insomnia;

j.    Decreased self-confidence,

k.    Increased insecurities in physical appearance;

l.    Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

m.    Loss of reputation;

n.    Other past, present, and future noneconomic damages,

o.    Past, present, and future economic damages; and

p.    All other damages that become known during litigation.

WHEREFORE, Plaintiff, LATICIA MARTINEZ, respectfully prays that a Judgment be entered in her favor, and against Defendant, RONNY JAMES SHEELER, JR., for the following:

{01519817.DOCX}                                    28

a.  Exemplary, compensatory, nominal, and punitive damages allowed under Michigan and federal law;

b.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment, 42 U.S.C. §1988; and

c.  All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT III - VIOLATION OF 42 U.S.C. § 1983 – VIOLATION OF CIVIL RIGHTS –EQUAL PROTECTION OF LAWS UNDER THE FOURTEENTH AMENDEMENT

**(AGAINST DEFENDANTS, THOMAS DESANA AND MARTIN JANESKI)**

137.  Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

138.  At all times relevant, Defendants, DESANA, and JANESKI, were employed by Defendant, DISTRICT, in their capacities as employees, educators, coaches, directors, and/or administrators, and acting under the color of state law.

139.  At all times relevant, under the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiff had a clearly established right to personal safety and bodily integrity.

140.  That the protections to personal safety and bodily integrity embodied in the Fourteenth Amendment include Plaintiff's right to be free from sexual assault, abuse, harassment, coercion, by a state actor, Defendant, SHEELER, based on being a female student at a public learning institution.

141.   The Fourteenth Amendment further protects Plaintiff from Defendants, DESANA and JANESKI's, wrongful conduct.

142.   Female students, and Plaintiff in particular, were not treated in the same manner as male students by Defendants, DESANA and JANESKI.

143.   Defendants, DESANA and JANESKI's, actions and/or omissions denied Plaintiff equal protection under the law.

144.   Once Defendants, DESANA and JANESKI,  had subjective knowledge that Defendant, SHEELER's, conduct was illegal or, at the very least, inappropriate, towards Plaintiff, and they failed to take action to prevent further harm to Plaintiff as described in detail in the Factual Allegations above.

145.   Despite subjective knowledge of the wrongful and illegal conduct, upon information and belief, Defendant, DESANA, did nothing more than tell Defendant, SHEELER, to "knock it off" instead of reporting Defendant, SHEELER, immediately as required by law.

146.   Upon information and belief, Defendants, DESANA and JANESKI, knew that Defendant, SHEELER, continued to pursue Plaintiff by following her to class, harassing Plaintiff, monitoring her with school equipment, sitting next to her on the district bus to and from bowling matches, and to engaging in illegal and/or inappropriate conduct with Plaintiff.

147.   Defendants, DESANA and JENESKI, knew that their failure to report Defendant, SHEELER, or otherwise act, created a substantial likelihood that Plaintiff would sustain a risk serious harm.

148.   Despite their subjective knowledge, Defendants, DESANA and JENESKI, consciously and recklessly disregarded the substantial risk of serious and continuing harms to Plaintiff.

149.   Defendants, DESANA and JENESKI's, wrongful conduct was committed with deliberate indifference to Plaintiff's clearly established constitutional rights.

150.   Any reasonable teacher, coach, athletic director, or administrator, would have known that their failure to immediately report Defendant, SHEELER's, conduct to DISTRICT administrators or law enforcement, was illegal, discriminatory on the basis of sex, and violative of Plaintiff's Fourteenth Amendment right to equal protection under the Constitution.

151.   Defendants, DESANA and JENESKI, are, therefore, not entitled to qualified immunity.

152.   Defendants, DESANA and JESESKI's conduct was, and remains, extreme, outrageous, and shocks-the-conscience, subjecting Defendants to punitive damages.

153.   Defendants, DESANA and JENESKI's, deliberate indifference to Plaintiff's constitutional rights was a proximate cause of Plaintiff's injuries and damages, including, but not limited to:

  a.   Physical pain and suffering;

  b.   Emotional and mental pain and suffering;

  c.   Physical manifestations of emotional distress;

  d.   Extreme fear, fright and shock;

  e.   Complex post-traumatic stress;

  f.   Depression and anxiety;

  g.   Humiliation, embarrassment, shame, and guilt;

  h.   Outrage;

  i.   Sleep disorders including nightmares and insomnia;

  j.   Decreased self-confidence,

  k.   Increased insecurities in physical appearance;

  l.   Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

  m.   Loss of reputation;

  n.   Other past, present, and future noneconomic damages,

  o.   Past, present, and future economic damages; and

  p.   All other damages that become known during litigation.

WHEREFORE, Plaintiff, LATICIA MARTINEZ, respectfully prays that a Judgment be entered in her favor, and against Defendants, THOMAS DESANA and MARTIN JANESKI, for the following:

a. Exemplary, compensatory, nominal, and punitive damages allowed under Michigan and federal law;

b. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment, 42 U.S.C. §1988; and

c. All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT IV - VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO TRAIN AND SUPERVISE (*MONELL* CLAIM)

### (AGAINST DEFENDANT, WYANDOTTE PUBLIC SCHOOLS)

154. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs as though fully stated herein.

155. Plaintiff, MARTINEZ, was subjected to a deprivation of her clearly established Fourth and Fourteenth Amendment rights as described in this Complaint.

156. Defendants, SHEELER, DESANA, and JANESKI, were state actors, and at all relevant times, acting under the color of state law, and within the scope of their employment.

157.   Plaintiff's rights to be free from sexual assault, harassment, and discrimination, and to personal safety and body integrity were clearly established by the time Plaintiff started high school.

158.   At the time of the constitutional deprivations described in this Complaint, Defendant, DISTRICT, failed to train and/or supervise its employees, administrators, directors, and coaches, including Defendants, SHEELER, DESANA, and JANESKI, in the constitutional requirements for sexual discrimination, Title IX, sexual abuse, misconduct and/or abuse, reporting of same, disparate treatment of students on the basis of sex, and the fundamental contours of the Fourth and Fourteenth Amendments.

159.   The deprivations were caused by the customs, policies, and established practices of the DISTRICT and implemented through its final policymaker, upon information and belief, its school board.

160.   Defendant, DISTRICT's deliberate indifference to Plaintiff's constitutional rights, thereby subjecting her to violations of the Fourth and Fourteenth Amendments, is demonstrated by:

  a.   Authorizing, permitting, and encouraging their IT network administrator, RONNY JAMES SHEELER, JR., a 31-year-old male, to have unfettered communication by way of chatting, texting, messaging, and otherwise interacting with teenage female, including Plaintiff, on a District-sponsored App called "Remind" without supervision or oversight;

b.  Authorizing and permitting their IT network administrator, RONNY JAMES SHEELER, JR., to have unfettered access to school district property including computers and their information network, to communicate, chat, text, message, play video games, and otherwise interact with teenage female students, including Plaintiff, during school hours while the students were quarantined at home, and RONNY JAMES SHEELER, JR. was on school property;

c.  Failing to train faculty and staff on proper communications with students, and in particular, male staff interacting with female students over a school-sponsored App;

d.  Failing to increase supervision or implement further training, rules, and policies during the Covid-19 pandemic when students would be communicating with staff exclusively through electronic means;

e.  Failing to monitor, or randomly review, staff and student communications on its school-sponsored App, and in particular, during the Covid-19 pandemic;

f.  Failing to provide and train staff on a "chain-of-command" for reporting suspected inappropriate conduct between staff and students, and in particular, male staff and female students;

g.  Failing to train and supervise its employees and coaching staff on child protection laws, inappropriate conduct between staff and students,  and recognizing signs of sexual abuse and/or grooming;

h.  Failing to act by suspending or terminating RONNY JAMES SHEELER, JR., or otherwise reporting him to law enforcement authorities;

i.  Allowing coaches, including Defendant, SHEELER, to spend an inordinate amount of time with Plaintiff unsupervised;

      j.      Allowing male coaches to sit on the bus next to female students to and from bowling matches;

      k.      Failing to protect Plaintiff;

      l.      Failing to protect female students by telling Defendant, SHEELER to "knock it off" as its only form of punishment or reprimand;

      m.      Condoning the behavior of students shaming and harassing Plaintiff for allegedly having sex with a Defendant, SHEELER, without punishing or reprimanding male employees who failed to timely report his wrongful conduct;

      n.      Manifesting deliberate indifference to the ongoing harassment, bullying, coercion, and emotional distress of Plaintiff; and

      o.      Any other acts or omissions, policies, customs or practices, that become known during litigation.

161. Defendant, DISTRICT, through its administrators, directors, employees, and staff, had subjective knowledge of the substantial risk of serious harm to Plaintiff and consciously disregarded the harm.

162. A causal link exists between Defendant, DISTRICT's, failure to train and supervise its employees and Plaintiff's injuries, harms, and damages, such that the DISTRICT's failure was a moving force behind the constitutional violations alleged herein.

163. Defendants, DISTRICT's, deliberate indifference to Plaintiff's constitutional rights was a proximate cause of Plaintiff's injuries and damages, including, but not limited to:

a.   Physical pain and suffering;

b.   Emotional and mental pain and suffering;

c.   Physical manifestations of emotional distress;

d.   Extreme fear, fright and shock;

e.   Complex post-traumatic stress;

f.   Depression and anxiety;

g.   Humiliation, embarrassment, shame, and guilt;

h.   Outrage;

i.   Sleep disorders including nightmares and insomnia;

j.   Decreased self-confidence,

k.   Increased insecurities in physical appearance;

l.   Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

m.   Loss of reputation;

n.   Other past, present, and future noneconomic damages,

o.   Past, present, and future economic damages; and

p.   All other damages that become known during litigation.

WHEREFORE, Plaintiff, LATICIA MARTINEZ, respectfully prays that a Judgment be entered in her favor, and against Defendant, WYADOTTE PUBLIC SCHOOLS, for the following:

    a.      Exemplary, compensatory, and nominal damages allowed under Michigan and federal law;

    b.      Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment, 42 U.S.C. §1988; and

    c.      All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT V - SEXUAL BATTERY

### (AGAINST DEFENDANT, RONNY JAMES SHEELER, JR.)

164. Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

165. Defendant, SHEELER, sexually abused and/or raped Plaintiff by digital and oral penetration on multiple occasions, as stated more fully in the Factual Allegations above.

166. All the abuse occurred on school property: Either at RHS or on the DISTRICT's bus.

167. Defendant, SHEELER, was arrested and charged with 3 counts of criminal sexual conduct (C.S.C.): 1 count of felony C.S.C. -3rd Degree (with a student), and 2 counts of misdemeanor C.S.C.-4th (with a student).   M.C.L. 750.520d(1)(e) and M.C.L. 750.520e(1)(f).

168. Defendant, SHEELER, pled guilty to and was convicted of 2 counts of misdemeanor C.S.C.-4th (with a student).

169.   The abuse perpetrated upon Plaintiff by Defendant, SHEELER, was harmful, extreme, outrageous, and offensive causing physical injuries, and severe and permanent emotional and mental injuries and damages.

170.   Defendant, SHEELER's, sexual battery was a proximate cause of Plaintiff's injuries and damages, including, but not limited to:

     a.    Physical pain and suffering;

     b.    Emotional and mental pain and suffering;

     c.    Physical manifestations of emotional distress;

     d.    Extreme fear, fright and shock;

     e.    Complex post-traumatic stress;

     f.    Depression and anxiety;

     g.    Humiliation, embarrassment, shame, and guilt;

     h.    Outrage;

     i.    Sleep disorders including nightmares and insomnia;

     j.    Decreased self-confidence,

     k.    Increased insecurities in physical appearance;

     l.    Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

     m.    Loss of reputation;

     n.    Other past, present, and future noneconomic damages,

o.    Past, present, and future economic damages; and

p.    All other damages that become known during litigation.

WHEREFORE, Plaintiff, LATICIA MARTINEZ, respectfully prays that a Judgment be entered in her favor, and against Defendant, RONNY JAMES SHEELER, JR., for the following:

a.    Compensatory and exemplary damages allowed under Michigan law;

b.    Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.    All such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT VI - GROSS NEGLIGENCE, WILFUL AND WANTON MISCONDUCT

### (AGAINST DEFENDANT, RONNY JAMES SHEELER, JR.)

171.   Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

172.   Defendant, SHEELER, owed Plaintiff a duty to use ordinary care to ensure her safety and freedom from excessive force, unlawful seizure, and equal protection under the laws.

173.   Defendant, SHEELER, owed Plaintiff the duty to use ordinary care to equal protection of law and to be free sexual discrimination, harassment, and

assault.

174.   Defendant, SHEELER, is not entitled to governmental immunity under Michigan law, M.C.L. 691.1407, *et. seq*. as his conduct amounted to gross negligence, and/or willful and wanton misconduct.

175.   Further, Defendant, SHEELER's, conduct demonstrated a willful disregard for precautions to ensure Plaintiff's safety and created a substantial risk of serious harm.

176.   As fully set forth in the Factual Allegations, Defendant, SHEELER, breached his duty of care owed to Plaintiff and was grossly negligent in that the misconduct by Defendant, SHEELER, was committed with reckless disregard for Plaintiff's safety, health, and with a substantial lack of concern to whether an injury resulted.

177.   As the proximate result of Defendant, SHEELER's, gross negligence, Plaintiff, suffered, and will continue to suffer damages into the future, including but not limited to:

      a.    Physical pain and suffering;

      b.    Emotional and mental pain and suffering;

      c.    Physical manifestations of emotional distress;

      d.    Extreme fear, fright and shock;

      e.    Complex post-traumatic stress;

f.      Depression and anxiety;

g.      Humiliation, embarrassment, shame, and guilt;

h.      Outrage;

i.      Sleep disorders including nightmares and insomnia;

j.      Decreased self-confidence,

k.      Increased insecurities in physical appearance;

l.      Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

m.      Loss of reputation;

n.      Other past, present, and future noneconomic damages,

o.      Past, present, and future economic damages; and

p.      All other damages that become known during litigation.

WHEREFORE, Plaintiff, LATICIA MARTINEZ, respectfully prays that a Judgment be entered in her favor, and against Defendant, RONNY JAMES SHEELER, JR., for the following:

a.      Compensatory and exemplary damages allowed under Michigan law;

b.      costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.      all such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT VII – VIOLATION OF ELLIOT LARSON CIVIL RIGHTS ACT - FAILING TO PROTECT AGAINST A SEXUALLY HOSTILE EDUCATIONAL ENVIRONMENT

### (AGAINST ALL DEFENDANT, WYANDOTTE PUBLIC SCHOOLS)

178.   Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

179.   Defendant, DISTRICT, is a public institution providing a public service under the Elliot Larson Civil Rights Act ("E.L.C.R.A.), M.C.L. 37.2101, 37.2302 and 37.2401.

180.   Defendants, SHEELER, DESANA, and JANESKI, at all relevant times were acting in their capacity as employees of Defendant, DISTRICT.

181.   Pursuant to E.L.C.R.A., an educational institution shall not discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, sex, sexual orientation, or gender identity or expression. M.C.L. 37.2402.

182.   Defendant, DISTRICT's, acts and omissions, through its employees, directors, supervisors, and administrators, as described in the Factual Allegations, and Counts I and IV of this Complaint, constitute sexual assault, discrimination, and harassment, and violated Plaintiff's rights under E.L.C.R.A. by subjecting Plaintiff to sexual grooming, advances, harassment, coercion, innuendo, and sexual

assault.

183.   Defendant, DISTRICT, was responsible for providing a safe educational environment for Plaintiff.

184.   Defendant, DISTRICT, treated Plaintiff differently because she was a female student being sexually harassed by a male staff member.

185.   By subjecting Plaintiff to sexual grooming, advances, harassment, coercion, innuendo, and sexual assault, and then by allowing Plaintiff to be bullied and harassed by other students after the sexual assault was discovered, Defendant, DISTRICT's, acts and omissions, through its employees, directors, supervisors, and administrators, created a sexually hostile environment, abusive and intimidating conditions, depriving Plaintiff of a safe, full, and equal educational learning environment.

186.   Defendant, DISTRICT, is vicariously liable for the acts and omissions of its employees, staff, coaches, director, and administrators, including Defendants, SHEELER, DESANA, and JANESKI, under the doctrine of *respondeat superior*.

187.   As the proximate result of Defendant, DISTRICT's violations of Plaintiff's civil rights under E.L.C.R.A, suffered, and will continue to suffer damages into the future, including but not limited to:

      a.     Physical pain and suffering;

      b.     Emotional and mental pain and suffering;

c. Physical manifestations of emotional distress;

d. Extreme fear, fright and shock;

e. Complex post-traumatic stress;

f. Depression and anxiety;

g. Humiliation, embarrassment, shame, and guilt;

h. Outrage;

i. Sleep disorders including nightmares and insomnia;

j. decreased self-confidence,

k. Increased insecurities in physical appearance;

l. Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

m. Loss of reputation;

n. Other past, present, and future noneconomic damages,

o. Past, present, and future economic damages; and

p. All other damages that become known during litigation.

WHEREFORE, Plaintiff, LATICIA MARTINEZ, respectfully prays that a Judgment be entered in her favor, and against Defendants for the following:

a. Compensatory and exemplary damages allowed under Michigan law;

b. costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.    all such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## COUNT VIII – VIOLATION OF MICHIGAN CHILD PROTECTION LAWS - FAILURE TO REPORT

### (AGAINST DEFENDANTS, DISTRICT, DESANA, AND JANESKI)

188.   Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

189.   Under Michigan Child Protection Laws, M.C.L. 722.623(1)(a), a person who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect.

190.   Upon information and belief, Defendants, DESANA, and JANESKI, are mandatory reporters under M.C.L. 722.623(1)(a).

191.   Defendants, DESANA and JANESKI, had actual or subjective knowledge that Plaintiff was being abused by Defendant, SHEELER.

192.   At the very least, Defendants, DESANA and JANESKI, had reasonable cause to suspect that Defendant, SHEELER, was abusing Plaintiff thereby triggering their mandatory obligation under the law. M.C.L. 722.623(1)(a).

193.   M.C.L. 722.633 provides: "[A] person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."

194.   Defendant, DISTRICT, is vicariously liable for the acts and omissions of its employees, staff, coaches, and administrators, including Defendants, DESANA, and JANESKI, under the doctrine of *respondeat superior*.

195.   As the proximate result of Defendants, DESANA and JANESKI's violation of the Michigan Child Protection Laws, Plaintiff, suffered, and will continue to suffer damages into the future, including but not limited to:

    a.    Physical pain and suffering;

    b.    Emotional and mental pain and suffering;

    c.    Physical manifestations of emotional distress;

    d.    Extreme fear, fright and shock;

    e.    Complex post-traumatic stress;

    f.    Depression and anxiety;

    g.    Humiliation, embarrassment, shame, and guilt;

    h.    Outrage;

    i.    Sleep disorders including nightmares and insomnia;

    j.    decreased self-confidence,

    k.    Increased insecurities in physical appearance;

    l.    Extreme fear, apprehension, and/or inability to engage in or maintain healthy intimate relationships with men;

    m.    Loss of reputation;

n.     Other past, present, and future noneconomic damages,

o.     Past, present, and future economic damages; and

p.     All other damages that become known during litigation.

WHEREFORE, Plaintiff, LATICIA MARTINEZ, respectfully prays that a Judgment be entered in her favor, and against Defendants for the following:

a.     Compensatory and exemplary damages allowed under Michigan law;

b.     costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.     all such other relief to which Plaintiff is entitled and/or the Court deems equitable.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter Judgment for the Plaintiff, LATICIA MARTINEZ and against each of the Defendants and award:

a.     Past, present, and future compensatory and exemplary damages on all claims allowable by federal and Michigan law;

b.     Punitive damages on all allowable claims against the individual Defendants and in an amount to be determined at trial;

c.     Nominal damages on allowable claims, if necessary;

d.     Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

e.   Pre- and post-judgment interest at the lawful rate; and

f.   Any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON

BY:   */S/ Jennifer G. Damico*
JAMES J. HARRINGTON, IV (P65351)
JENNIFER G. DAMICO (P51403)
Attorney for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555/Fax (248) 355-5148
j.damico@fiegerlaw.com

Date: October 25, 2023

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LATICIA MARTINEZ,

       Plaintiff,                     Case No.:
                                            Hon.

v.

THE SCHOOL DISTRICT OF THE
CITY OF WYANDOTTE, RONNY
JAMES SHEELER, JR., THOMAS            **DEMAND FOR JURY TRIAL**
DESANA, and MARTIN JANESKI,
jointly and severally,

       Defendants.
_____/
JAMES J. HARRINGTON, IV (P65351)
JENNIFER G. DAMICO (P51403)
FIEGER, FIEGER, KENNEY &
HARRINGTON, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555/Fax (248) 355-5148
j.harrington@fiegerlaw.com
j.damico@fiegerlaw.com
_____/

**JURY DEMAND**

    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury

is demanded on all the issues presented herein.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON

BY:     */S/ Jennifer G. Damico*
       JAMES J. HARRINGTON, IV (P65351)
       JENNIFER G. DAMICO (P51403)
       Attorney for Plaintiffs
       19390 W. Ten Mile Rd.
       Southfield, MI 48075
       (248) 355-5555/Fax (248) 355-5148
       j.damico@fiegerlaw.com

Date: October 25, 2023