UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LATICIA MARTINEZ,**<br>Plaintiff,<br>vs.<br>**RONNY JAMES SHEELER, JR.,**<br>Defendant. | **2:23-CV-12714-TGB-CI**<br>HON. TERRENCE G. BERG<br>**OPINION AND ORDER ON PLAINTIFF'S MOTIONS IN LIMINE (ECF NOS. 50, 51, 52, 53, 55)**<br>**AND DEFENDANT'S MOTIONS IN LIMINE (ECF NOS. 56, 57)** |

In this civil action, Plaintiff Laticia Martinez brings claims against a former high school coach and information technology ("IT") employee for repeated sexual harassment and abuse while she was a student. The case is scheduled to go to trial on October 14, 2026. Presently before the Court are five Motions in Limine filed by Plaintiff Martinez, ECF Nos. 50, 51, 52, 53, 55, and two Motions in Limine filed by Defendant Ronny James Sheeler, Jr., ECF Nos. 56, 57. Responses have been filed to all motions. Upon review of the parties' submissions, and after conducting an in-chambers conference with counsel in this case, the Court concludes that oral argument will not aid in the disposition of these motions. As such, they will be resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, Plaintiff's Motions in Limine at ECF Nos. 50 and 51 will be **GRANTED,** at ECF Nos. 52 and 53 will be

**DENIED**, and at ECF No. 55 will be **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motions in Limine at ECF No. 56 will be **GRANTED IN PART** and **DENIED IN PART** and at ECF No. 57 will be **DENIED**.

## I. BACKGROUND

In this case, Plaintiff Laticia Martinez claims that in 2021 and 2022, when she was a student at Roosevelt High School in the Wyandotte School District, she was the victim of repeated harassment and sexual abuse by Defendant Ronny James Sheeler, Jr., an IT employee and coach at Roosevelt High School. After Sheeler's conduct was exposed in April 2022, he was arrested, charged with several counts of criminal sexual conduct, pleaded guilty to two misdemeanor counts of criminal sexual conduct, and was sentenced to probation and fined.

In October 2024, Martinez brought this lawsuit against Sheeler, as well as The School District of the City of Wyandotte ("Wyandotte"), Thomas Desana, a school administrator, and Martin Janeski, a contract coach, asserting claims for violations of Title IX, constitutional claims under 42 U.S.C. § 1983, and state law claims. ECF No. 1.

On March 16, 2026, the Court granted the motion for summary judgment filed by Defendants Wyandotte, Desana, and Janeski only, dismissing all claims against those Defendants and leaving only Martinez's claims against Sheeler for: (1) Count II: Violation of 42 U.S.C. § 1983–Violation of the Fourth and Fourteenth Amendments—Excessive

Force and Unlawful Seizure, (2) Count V: Sexual Battery; and (3) Count VI: Gross Negligence, Willful and Wanton Misconduct. ECF No. 46.

This case is now set for trial on October 14, 2026. ECF No. 49. On September 28, 2026, the parties submitted, and the Court entered, a Stipulation Admitting Liability and Dismissal of Certain Claims by Martinez and Sheeler, stipulating to dismissal with prejudice of (1) Count V of the Complaint for Sexual Assault and Battery and (2) the allegations of willful and wanton misconduct in Count VI of the Complaint for Gross Negligence. ECF No. 64. The parties further stipulated that Defendant Sheeler admits liability for (1) Count II of the Complaint for Violations of 42 U.S.C. § 1983–Violations of the Fourth and Fourteenth Amendment, and (2) Count VI of the Complaint for Gross Negligence. *Id.* The parties agreed that trial would proceed on the issues of damages only. *Id.*

On September 17, 2026, Plaintiff filed seven motions in limine, ECF Nos. 50–55, 58, and Defendant filed two motions in limine, ECF Nos. 56, 57. Responses were filed to all motions. ECF Nos. 59–62. Following entry of the parties' Stipulation admitting liability and dismissing certain claims, the parties submitted, and the Court entered, a Stipulated Order **GRANTING** the motions in limine at ECF Nos. 54 and 58. ECF No. 65.

On October 1, 2026, the Court held a settlement conference and attorney-only status conference, which included a discussion of the pending motions in limine, proposed exhibits, and the parties' proposed joint final pretrial order.

The Court will now address the remaining seven motions in limine.

## II. LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "The purpose of motions *in limine* is to obtain advance rulings on the admissibility of evidence so that trial preparation is facilitated, distractions during trial are reduced, legal issues can be deliberated more serenely, and the risk of exposure of the jury to inadmissible evidence can be minimized." *United States v. Hamilton*, 574 F. Supp. 3d 461, 466 (E.D. Mich. 2021) (Lawson, J.). "In disposing of a motion *in limine*, the guiding principle is to 'ensure evenhanded and expeditious management of trials.'" *United States v. Anderson*, 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021) (Drain, J.) (citation omitted), *aff'd*, 2023 WL 3413905 (6th Cir. May 12, 2023). Whether to grant a motion in limine "falls within the sound discretion of the trial court." *Id.*

"A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *Id.* When a court is unable to make that determination, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Id.* Furthermore, "[o]rders *in limine* which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear*

*Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Instead, "[a] better practice is to deal with questions of admissibility of evidence as they arise." *Id.*

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. DISCUSSION

### A. Plaintiff's MIL No. 1: To Preclude Defendant From Using Social Media Photographs or Content Purportedly Created By or Attributed to Plaintiff or Her Friends And Family (ECF No. 50)

Plaintiff argues that Defendant has not identified, disclosed, or produced any social media that he intends to use at trial, and that such evidence therefore should be excluded. ECF No. 50. Plaintiff further contends that Defendant has failed to authenticate any purported social media as required by Fed. R. Evid. 901, which is especially important here because of the possibility of fake accounts created by other persons.

*Id.* While Plaintiff also cites to Fed. R. Evid. 801 (hearsay), she fails to present any argument with regard to this rule. *See id.*

Defendant responds that he does not anticipate moving to admit any social media images or messages during the trial, ECF No. 59, and the Court notes that no such documents are included on Defendant's Exhibit List in the parties' proposed Joint Final Pretrial Order. Defendant contends, however, that he is not precluded from "questioning the Plaintiff regarding information *gleaned from* social media posts" if relevant for purposes of cross-examination. *Id.* PageID.1616 (emphasis added). It is not clear from the response what information that may be.

Because the Plaintiff's motion to exclude any such social media material as substantive evidence is unopposed by Defendant, it is **GRANTED.** As for Defendant's possible "questioning" of Plaintiff "regarding information *gleaned from* social media posts," whether such questions will be permitted will be addressed at trial as testimony is elicited. *See Anderson*, 563 F. Supp. 3d at 694 (stating that when a court is unable to make a determination that evidence is "clearly inadmissible on all potential grounds," "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context.").

### B. Plaintiff's MIL No. 2: To Bar All References, Testimony, Exhibits, Evidence, Argument, or the Like Regarding Plaintiff's Supposed "Hitting the Jackpot," "Winning the Lottery," or Similar Arguments That an Award in Plaintiff's Favor Would Result in Unjust Enrichment (ECF No. 51)

Plaintiff argues that any reference to her "winning the lottery," "hitting the jackpot," or the like is completely irrelevant to her claims in this case against Defendant under Rule 401 and also improper and misleading and would only serve to inflame the passions of the jury and therefore should be excluded under Rule 403. ECF No. 51.

Defendant does not directly address Plaintiff's Rule 401 and 403 arguments. He instead argues in response that if the Court is going to place limits on "words and phrases that can be used during the trial," Plaintiff should similarly be ordered to refrain from using "loaded phrases" as "groomer," "pedophile," and "rapist" to describe him. ECF No. 59, PageID.1616–17.

Courts have ordered parties to refrain from characterizing a plaintiff's receipt of benefits as "winning the lottery," "getting rich," "hitting the jackpot," or "receiving a windfall" under Rule 403. *See, e.g., Wright v State Farm Fire & Cas. Co.*, No. 2:23-cv-179, 2025 WL 794404, at *3 (W.D. Wash. Mar. 12, 2005) (characterization of plaintiff's receipt of policy benefits as "winning the lottery," "getting rich," "hitting the jackpot," or "receiving a windfall" has minimal probative value and creates a substantial risk of unfair prejudice under Rule 403); *Weatherly*

*v. Allstate Prop. & Cas. Ins. Co.*, No. 4:21-cv-00604, 2022 WL 2812060, at *2 (E.D. Ark. July 15, 2022) (excluding "any claim, inference, or argument that a verdict in [plaintiff's] favor would be similar to winning the lottery, jackpot justice, or other references to a game of chance, a windfall, or the like" under Rule 403).

As to Defendant's request that Plaintiff be barred from using terms such as "groomer," "pedophile," and "rapist," the Court agrees that inflammatory rhetoric that is not clearly supported by the evidence should not be employed by either counsel during the trial. Referring to the Defendant as a "rapist" or "pedophile" would not be appropriate based on the record before the Court. The term "grooming" does not carry as much of a prejudicial connotation, and also refers to conduct rather that to a person. If supported by the evidence, use of the term "grooming," to describe actions or conduct will not be barred.

The Court finds Plaintiff's motion well-founded and it will be **GRANTED**.

### C. Plaintiff's MIL No. 3: Requesting Attorney Conducted Voir Dire (ECF No. 52)

Federal Rule of Civil Procedure 47(a) provides that a "court may permit the parties or their attorneys to examine prospective jurors or may itself do so." "The Rule thus places the decision as to whether to have the parties or the judge conduct voir dire firmly in the discretion of the district court." *Simmons v. Napier*, 626 F. App'x 129, 133 (6th Cir. 2015)

(citation omitted). "Rule 47(a) further provides that, '[i]f the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry *it considers proper,* or must itself ask any of their additional questions *it considers proper.*'" *Id.* (emphases in original, citations omitted).

Plaintiff argues that, in this "sexual assault case," "it is in the best interest of justice to allow attorney-conducted voir dire." ECF No. 52, PageID.1439 (citing *United States v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977) ("stating that "voir dire examination in both civil and criminal cases has little meaning if it is not conducted by counsel for the parties" because "[a] judge cannot have the same grasp of the facts, the complexities and nuances as the trial attorneys entrusted with the preparation of the case."). Plaintiff contends that prospective jurors will have "deep rooted prejudice or bias on many issues" and that attorney-conducted voir dire is necessary for trial counsel to "probe the venire's potential biases" and to properly frame their preemptory challenges as "[t]he court cannot perform the role of advocate" and "it is the lawyers who would instinctively sense the presence of bias or prejudice to this case." *Id.* PageID.1439–40.

Defendant asserts in response that the Court should follow the general procedure for civil cases in the Eastern District of Michigan courts and proceed with voir dire conducted by the Court. ECF No. 59, PageID.1617–18.

This Court's Practice Guidelines provide:

> Voir dire will be conducted by the Court using its standard questions. Counsel should submit proposed additional voir dire questions in writing at least three days in advance of the final pretrial conference via the Proposed Orders function, and the Court will add those questions it deems appropriate. The Court will provide parties with the final list of questions before jury selection begins. During jury selection, parties will be permitted to submit additional questions to be asked by the court, as provided by Fed. R. Civ. P. 47(a). Jurors will be excused without disclosing which side excused them.

Civil Cases: Civil Practice and Trial Procedure, G. Jury Selection, https://www.mied.uscourts.gov/judges/district/?id=37. In accordance with this Guideline, the parties have submitted their "Proposed Voir Dire" And "Amended Proposed Voir Dire."

The Court finds that its standard practice, as set forth in its Practice Guidelines, is appropriate and will be followed. This practice is in accord with Rule 47(a) and allows for trial counsels' input on questions and permits counsel to submit additional questions to the venire. *See Simmons*, 626 F. App'x at 133–34; *see also Ledee*, 549 F.2d at 993 (holding district court judge did not err in failing to give defendant's requested voir dire questions that call for conclusions of law). The Court will further permit additional limited follow-up questioning by trial counsel as necessary to determine potential juror bias and to frame preemptory challenges or for cause. This motion therefore will be **DENIED**.

### D. Plaintiff's MIL No. 4: To Exclude Inadmissible Hearsay Statements Contained Within the Medical Records (ECF No. 53)

Plaintiff states in her motion in limine that she anticipates that Defendant will attempt to introduce statements made in her medical records about her experiences of childhood bullying and self-harm and records mentioning her relationship status and sexual history both before and after the February 10, 2022 incident at issue in this case involving Defendant. ECF No. 53, citing, *e.g.,* ECF No. 53-1, PageID.1453, 1454, 1456, 1458, 1461, 1461, 1463.; ECF No. 53-2, PageID.1477, 1478. Plaintiff seeks to exclude these statements as hearsay not admissible pursuant to Fed. R. Evid. 801, 802, and 403. *Id.*.

Defendant responds that information in Plaintiff's medical records related to her statements to her treaters are admissible under Rule 803(4) as a statement made for purposes of medical diagnosis or treatment. ECF No. 59, PageID.1618. Defendant further contends that he can ask Plaintiff about her own statements made to her treating professionals because her own statements are not hearsay. *Id.* PageID.1618–19.

First, the parties do not to object to the admissibility of the medical records themselves. The Court notes that medical records may qualify for the business records exception to the rule again hearsay pursuant to Fed. R. Evid. 803(6), providing the party offering the records for admission can meet the requirements set forth in that Rule. *See Tucker v. Nelson*, 390

F. Supp. 3d 858, 863 (S.D Ohio 2019) ("Medical records, like other records being admitted under Rule 803(6), must be 'kept in the course of a regularly conducted activity.'"). And "'[h]ospital diagnoses may qualify for this exception to the hearsay rule,' [as] Rule 803(6) 'specifically refers to the "compilation, in any form, of ... diagnoses, made at or near the time by ... a person with knowledge, if kept in the course of a regularly conducted business activity ...."'"). *Id.* (citing *Norton v. Colyer*, 828 F.2d 384, 386–87 (6th Cir. 1987) (internal citations omitted)).

Second, relevant statements made by Plaintiff to her providers contained within the medical records are an opposing-party statement and thus non-hearsay. Rule 801(d)(2) of the Federal Rules of Evidence excludes from the rule against hearsay those statements that are "offered against an opposing party" and that were made "by the party." *See* Fed. R. Evid. 801(d)(2)(A); *Brooks v. Caterpillar Global Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 11683139, at *2 (W.D. Ky. Nov. 27, 2017) ("[T]he statements in the medical records prepared by Boyd are being offered by CGM against Beau Brooks, and were made by Beau—the opposing party. Therefore, the medical records are admissible under the business-records exception to the hearsay rule, Fed. R. Evid. 803(b), and Beau's statement contained in the record is an opposing party statement, and thus non-hearsay."); *see also Tetlow v. Maryland Dep't of Pub. Safety & Corr. Servs.*, No. TDC-18-1522, 2019 WL 4644271, at *4 (D. Md. Sept. 24, 2019) ("The statements by Tetlow contained in the medical records

are separately admissible as admissions of a party opponent."). Thus, to the extent the statements in the medical records were made by Plaintiff, and will be offered by Defendant against Plaintiff, they are opposing party statements and thus non-hearsay.

And third, Plaintiff's statements to her provider when providing medical history are admissible under Rule 803(4) as statements made for purposes of treatment. Under Federal Rule of Evidence 803, a hearsay statement is not inadmissible if it "(A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). "The rationale underlying the Rule 803(4) exception for statements made for purposes of treatment is that the declarant's motive guarantees their trustworthiness, since he has a motive to disclose the truth because his treatment will depend in part upon what he says." *Portis v. Grand Trunk W. R. Co.*, 28 F.3d 1214, No. 93-1721, 1994 WL 362110, at *5 (6th Cir. July 12, 1994) (citing 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 803(4)[01], at 803–144 (1993)).

The statements Plaintiff complains of are contained in the health history sections of the medical reports and appear to have been made for "medical diagnosis or treatment" and "describ[e] [Plaintiff's] medical history; past or present symptoms or sensations; their inception; or their general cause." Therefore, the statements are also admissible under Rule

803(4). *See Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 966–67 (E.D. Mich. 2022) (Ludington, J.) (plaintiff's statement that she was told he "likely had a basilar skull fracture" was admissible under Rule 803(4) because it was made for "medical diagnosis and treatment" and described the plaintiff's "medical history" and "general cause" of her symptoms).

Having set out the authorities supporting the admissibility of such statements, the Court nevertheless emphasizes that any statement offered will need to meet the relevance and probative/prejudice balance requirements of Fed. R. Evid. 401 and 403. Consequently, the Court will need to consider the admissibility of each statement before it will be received in evidence.

Accordingly, Plaintiff's Motion in Limine No. 4, ECF No. 53, will be **DENIED**.

**E. Plaintiff's MIL No. 6: To Exclude Evidence of the Victim's Sexual Behavior and Predisposition Pursuant to Fed. R. Evid. 412 (ECF No. 55)**

**Defendant's MIL to Allow Evidence of Plaintiff's Prior Sexual Conduct as Being Relevant to Issues Relating to Damages and Credibility (ECF No. 56)**

These two motions in limine—one by Plaintiff and one by Defendant—will be considered together because they address the admissibility of the same evidence—Plaintiff's sexual history and behavior. *See* ECF Nos. 55, 56.

In Plaintiff's motion, she states that during her depositions in this case, defense counsel questioned her about her high school dating and sexual history, her post-high school dating life and sexual relationships, and her communications with Defendant after the February 10, 2022 incident. Plaintiff argues that this evidence is prohibited under Rule 412 of the Federal Rules of Evidence. ECF No. 55.

Defendant argues in his Motion that Plaintiff's past sexual experiences, including with her former boyfriend Jose Hinojosa, are relevant and admissible pursuant to Fed. R. Evid. 412(b)(2) because that evidence is relevant to Plaintiff's claimed mental and emotional injuries. ECF No. 56, PageID.1558–59. Defendant further contends, that while a "closer question," evidence relating to Plaintiff's other sexual activities, starting when she was 15-years-old, should be allowed in evidence to rebut an inference that Plaintiff was "inexperienced and chaste." *Id.* PageID.1559–60. Defendant's motion does not seek to introduce evidence of Plaintiff's post-high school sexual activity.

In Plaintiff's response to Defendant's motion, she argues that the evidence Defendant seeks to admit in its motion—(1) Plaintiff's past sexual behavior with other boyfriends beginning at age 15, and (2) an incident involving Plaintiff's former boyfriend Jose where Plaintiff states she rescinded consent to sexual activity but he refused to stop—is inadmissible under Rule 412. ECF No. 61.

Federal Rule of Evidence 412 provides, in pertinent part:

> **(a) Prohibited Uses.** The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>
> > **(1)** evidence offered to prove that a victim engaged in other sexual behavior; or
> >
> > **(2)** evidence offered to prove a victim's sexual predisposition.
>
> **(b) Exceptions.**
>
> ***
>
> > **(2)** ***Civil Cases.*** In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy
>
> **(c) Procedure to Determine Admissibility.**
>
> > **(1)** ***Motion.*** If a party intends to offer evidence under Rule 412(b), the party must:
> >
> > > **(A)** file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
> > >
> > > **(B)** do so at least 14 days before trial unless the court, for good cause, sets a different time;
> > >
> > > **(C)** serve the motion on all parties; and

> > > **(D)** notify the victim or, when appropriate, the victim's guardian or representative.
> >
> > **(2)** ***Hearing.*** Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.
>
> **(d) Definition of "Victim."** In this rule, "victim" includes an alleged victim.

Fed. R. Evid. 412.

The Sixth Circuit has explained that "prior sexual activity is of dubious probative value and relevance and is highly embarrassing and prejudicial" and can be "used to harass the prosecuting victim." *Bell v. Harrison*, 670 F.2d 656, 658 (6th Cir. 1982). Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412, Advisory Committee's Note to 1994 Amendment. "[T]he rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." *Id.*

Turning to the motions and the evidence sought to be admitted by Defendant, evidence that relates to sexual behavior Plaintiff engaged in *with Defendant* does not fall within the prohibition of Rule 412(a) because

it would not be "other sexual behavior" than that which is at issue in this case. *See Graf v. Morristown-Hamblen Hosp. Ass'n*, 155 F.4th 578, 593–94 (6th Cir. 2025) (holding that "the evidence of [plaintiff's] sexual behavior—i.e., her communications about her sexual preferences and the sexually explicit photographs of herself that she sent to [defendant]—did not prove that she consented to 'other sexual behavior' but this specific sexual behavior" and thus was admissible) (citing in part Fed. R. Evid. 412(a) advisory committee's note to 1994 amendments ("The word 'other' is used to suggest some flexibility in admitting evidence 'intrinsic' to the alleged sexual misconduct."); 23 Charles Alan Wright, Arthur R. Miller & Victor J. Gold, FEDERAL PRACTICE AND PROCEDURE § 5374.1 (2d ed. 2025) ("The sexual behavior excluded by Rule 412(a)(1) must be 'other' sexual behavior .... [T]his means 'other' than the 'alleged sexual misconduct' that brings a given civil or criminal proceeding involving that misconduct within the scope of Rule 412.")); *Harness v. Anderson Cnty., Tenn.*, No. 3:18-CV-100, 2019 WL 8405381, at *1 (E.D. Tenn. Oct. 23, 2019) ("To the extent Plaintiff engaged in any sexual behavior towards or with Jones, however, such evidence would not fall within the prohibition of Rule 412(a), in that it would not be "other sexual behavior" than is at issue in this lawsuit.").

However, to the extent evidence relates to Plaintiff's prior or post sexual relationships with persons *other than Defendant*, and which is offered to "to prove [Plaintiff's] sexual behavior or sexual predisposition,"

such evidence falls squarely within Rule 412, and thus is inadmissible in this case unless Defendant can establish that the evidence's probative value "substantially outweighs" the risk of unfair prejudice to Plaintiff. Fed. R. Evid. 412(b)(2). And evidence of Plaintiff's reputation is only admissible if she places her reputation at issue. *Id.*

**1. Prior sexual relationships**

Turning first to Defendant's request regarding the admissibility of evidence of Plaintiff's prior sexual relationships starting at age 15, Defendant argues that this evidence should be allowed "to rebut the misleading inference that Plaintiff wishes to present to the jury of being an inexperienced and chaste person who was taken advantage of and groomed by an evil, older man," and that "[c]ommon sense dictates that a jury would be likely to issue a much larger damage award in the case of a chaste, sexually inexperienced 17-year-old versus a 17-year-old with 2 years of prior extensive sexual experience, including numerous acts of sexual intercourse with different boyfriends." ECF No. 56-1, PageID.1559–60. Defense counsel made this same argument at the in-chambers conference on October 1, 2026. The Court finds that this is the precise type of evidence that is inadmissible under Rule 412.

The defendant in *Gowens v. Tidwell*, No. 10-10518, 2013 WL 2285446 (E.D. Mich. May 23, 2013) (Hood, J.) made a similar unpersuasive argument, asserting that "the degree of distress and discomfort [from sexual assault] would be very different, depending on

whether the victim of such behavior were a virgin who had never engaged in sexual relations before, or someone who had done so numerous times, with numerous individuals" and basing this conclusion on "common sense." *Id.* at *2. The district court in *Gowens* properly recognized that "the distress of sexual assault is rooted in the violation of one's body without consent and not in the number of sexual partners that a person has *chosen* by act of free will. To imply that the degree of mental distress a sexual assault victim experiences is largely impacted by the victim's *consensual* sexual history is a gross oversimplification of the myriad of considerations that may determine the impact of an assault on a victim." *Id.* (emphasis in original). *See also T.C. ex rel. S.C. v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, No. 3:17-CV-01098, 2018 WL 3348728, at *9 (M.D. Tenn. July 9, 2018) ("It is not beyond questions in the federal courts that '[t]he fact that the plaintiffs may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma they may feel from sexual harassment that is unwelcome.'") (collecting cases); *Evans v. Bd. of Educ. Sw. City School Dist.*, No. 2:08–CV–794, 2012 WL 4481421, at *2 (S.D. Ohio Sept. 27, 2012) ("Whether victims had engaged in other sexual behavior with other partners simply has no relevance to whether they consented to or welcomed the advances in the particular instances at issue in this case. The evidence of relationships or sexual behavior with others entirely lacks probative value if presented for any purpose in the instant case.").

Defendant fails to establish that the probative value of Plaintiff's prior sexual relationships "substantially outweighs" the danger of harm or unfair prejudice to Plaintiff if that evidence is admitted at trial. In contrast to the minimal relevance of this information, the potential for it to cause embarrassment, oppression, and undue burden is high. "Rule 412 was put in place, in part, 'to reduce the inhibition women felt about pressing complaints concerning sex harassment because of the shame and embarrassment of opening the door to an inquiry into the victim's sexual history.'" *T.C. ex rel S.C.*, 2018 WL 334828k at *10 (quoting *Howard v. Historic Tours of Am.*, 177 F.R.D. 48 51 (D.D.C. 1997)). However, if Plaintiff presents evidence or argument at trial that Plaintiff was "chaste" or "innocent" before her relationship with Defendant, Defendant may reassert this request.

**2. Sexual assault by boyfriend**

On the other hand, evidence that Plaintiff was sexually assaulted by her boyfriend is a closer call. Defendant argues that Plaintiff testified in her deposition that around the same time as the February 10th incident with Defendant she experienced an incident with her boyfriend Jose where she withdrew her consent after they had started engaging in sexual relations but that he refused to stop and continued to have sex with her until completion. ECF No. 56, PageID.1556–57 (citing Laticia Martinez Dep. at 216–19, 236–37, ECF No. 56-3, PageID.1567–68). Plaintiff testified at her deposition that in both the incident with Jose

and the incident with Defendant, she said "no" to continued sexual relations but that neither Jose nor Defendant stopped. *Id.* Plaintiff also told her therapist that at the time of the incident with Defendant she was involved in a nearly identical situation with Jose. *Id.* Defendant argues that this evidence is highly probative to Plaintiff's claimed damages in this case.

Plaintiff argues in response that Defendant cannot introduce a separate sexual assault and ask the jury to speculate that it caused Plaintiff's present damages. ECF No. 61, PageID.1672. Plaintiff contends that the "well documented medical opinions" indicate that the cause of Plaintiff's damages was "due to being molested by her bowling coach," and that the introduction of "an unrelated subsequent event" invites the jury to speculate that it caused some portion of Plaintiff's injuries. *Id.* PageID.1673.

Courts have found that, when a plaintiff alleges emotional or psychological injury, evidence of prior sexual abuse or assaults is relevant and admissible to show other sources of that injury and damages. *See, e.g.*, *Lane v. American Airlines, Inc.*, No. 18-CV-6110, 2024 WL 1200074, at *3 (E.D.N.Y. Mar. 20, 2024) (finding Rule 412 not applicable to evidence of plaintiff's trauma history, including any prior sexual abuse or assaults that she experienced, to the extent defendant offers such evidence to prove causation of plaintiff's psychological injuries and to apportion damages); *Montanez v. City of Syracuse*, No. 16-CV-550,

2019 WL 4257134, at *4 (N.D.N.Y. Sept. 9, 2019) ("Defendants have described the past trauma evidence that they seek to introduce and ... proffered evidence that following the February 2015 incident, [the p]laintiff sought mental health treatment for 'past trauma' and 'this recent one.' Thus, evidence concerning past sexual trauma may be relevant to a determination of damages." (citations omitted)); *Delaney v. City of Hampton*, 999 F. Supp. 794, 796 (E.D. Va. 1997) (admitting evidence of the plaintiff's history of prior sexual abuse and other incidents because "these stressors may have contributed to her current psychiatric problem" and thus are relevant to causation), *aff'd*, 135 F.3d 769 (4th Cir. 1998).

Courts have found that "[Rule] 412 is inapplicable to the evidence of prior sexual assaults because that evidence is not being offered to prove that [the plaintiff] engaged in other sexual behavior or to prove her sexual predisposition. Rather, the evidence of prior sexual assaults is offered to identify other sources of emotional distress." *Doe v. Bridges to Recovery, LLC*, No. 20-CV-348, 2021 WL 4690830, at *16 (C.D. Cal. May 19, 2021); *see also Dixon v. Reid*, No. 23-CV-09878, 2025 WL 3638953, at *4 (S.D.N.Y. Dec. 16, 2025) (denying "motion to exclude evidence of sexual assaults of Plaintiff committed by persons other than Defendant" because "evidence regarding other non-consensual sexual encounters does not fall within the ambit of Rule 412, as it is not being offered to demonstrate sexual predisposition but rather other potential causes of

Plaintiff's emotional distress and psychological injuries"). While some courts have limited this practice and "will not permit an open-ended inquiry into prior sexual assaults based on the premise that such assaults *could* cause emotional distress" and required first "a foundation establishing that the events in question *did* cause emotional distress," *Bridges to Recovery*, 2021 WL 4690830, at *17, other courts have allowed it without such limits, finding it not excluded under Rule 412. *See, e.g.*, *Dixon*, 2025 WL 3638953, at *4.

Plaintiff cites to *T.C. ex rel. S.C. v. Metropolitan Government of Nashville & Davidson County, Tennessee*, No. 3:17-CV-01098, 2018 WL 3348728 (M.D. Tenn. July 9, 2018), as "particularly helpful" in support of her argument that the sexual assault by Jose on Plaintiff is not relevant and not admissible. However, in *T.C. ex rel. S.C.*, the court found discovery of the minor plaintiffs' voluntary sexual histories prohibited, and did not address issues of prior sexual assault on a plaintiff's claim for damages. *See id.* at *8–9. *See also Gowens*, 2013 WL 2285446, at *3 (expressly distinguishing that case from *Delaney, supra*, noting that, unlike the plaintiff in *Delaney*, "[t]here are no allegations that [plaintiff] was the subject of prior sexual abuse or assault or other trauma that could have contributed to her mental distress before the alleged sexual assault.").

As claimed in the Complaint and set forth in the Parties' proposed Joint Final Pretrial Order, Plaintiff here seeks compensatory damages

against Defendant for past, present, and future physical pain and suffering, mental and emotional anguish, post-traumatic stress, fear, fright and shock, embarrassment, humiliation, mortification, and shame, as well as punitive damages. Plaintiff has squarely placed her emotional and psychological condition at issue by seeking to introduce evidence that Defendant's assault resulted in physical, psychological, and emotional injuries. *See Dixon*, 2025 WL 3638953, at *4 ("Evidence of prior sexual assaults is highly probative of whether Plaintiff's claimed emotional distress damages and psychological injuries are attributable in whole or in part to Defendant's acts or a third party's acts."). Given the claims asserted by Plaintiff against Defendant, the probative value of the evidence regarding the alleged sexual assault of Plaintiff by Jose at or around the same time as the incident with Defendant in this case substantially outweighs the dangers addressed by Rule 412.

Thus, both Plaintiff's Motion in Limine No. 6, ECF No. 55, and Defendant's Motion in Limine, ECF No. 56, will be **GRANTED IN PART** and **DENIED IN PART** to exclude any testimony generally of Plaintiff's prior or post-incident sexual relationships, but to allow evidence of Jose's alleged sexual assault of Plaintiff around the time of the February 10, 2022 incident involving Defendant.

### F. Defendant's MIL Precluding Claims of Damages Related to the February 2022 Incident (ECF No. 57)

Defendant seeks an order from the Court prohibiting Plaintiff from making any arguments or claims for damages related to the February 10, 2022 sexual incident in Defendant's office because Plaintiff was over 18-years-old at that time. ECF No. 57. Defendant argues that because he and Plaintiff were "legally consenting adults" at the time of the incident, that incident cannot be a basis for a judgment in any amount. *Id.* PageID.1574.

Plaintiff responds that Defendant's motion is an untimely motion for partial summary judgment to exclude a claim for damages, as opposed to a proper motion in limine to exclude specific evidence, and should be denied on that basis. ECF No. 62, PageID.1683–84. Plaintiff further contends that the fact that she was a legal adult at the time of the February 10, 2022 incident "is immaterial to whether she was sexually assaulted by Defendant." *Id.* PageID.1682. Plaintiff asserts that she testified that she told Defendant "no" multiple times during the February 10, 2022 incident, but that he nevertheless sexually assaulted her, and that it was not a "consensual sexual encounter between two adults." *Id.* PageID.1678–82.

Defendant's motion will be **DENIED**. The parties dispute whether the February 10th incident was consensual—that is a question that the jury will have to consider in assessing the damage award. Moreover,

Defendant ignores that the incident happened when he was a school employee and Plaintiff was a student at the school. This was not a "consensual sexual encounter" between two adults on equal footing. Moreover, Defendant has testified that he knew having sexual contact with Plaintiff was "wrong" and agreed that it was "common sense" that, as a school employee, he should not have had a sexual relationship with a student. *See* Ronny Sheeler Dep. at 63, 83, ECF No. 58-3, PageID.1612, 1614. Thus, whether Plaintiff is entitled to damages stemming from the February 10, 2022 incident is for the jury to decide.

Further, to the extent Defendant's motion is more properly considered a motion for partial summary judgment to bar Plaintiff's claims for certain damages, that motion is untimely and **DENIED** on that basis as well. *See Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 575 (6th Cir. 2020) (stating that "non-evidentiary legal issues must be decided in the context of a motion for summary judgment," not a motion in limine); *Porter v. AAR Aircraft Servs., Inc.*, 790 F. App'x 708, 713 (6th Cir. 2019) (instructing that parties should not use motions in limine "to litigate or relitigate matters that should be resolved via a motion to dismiss or a summary judgment motion").

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court **ORDERS** that:

- Plaintiff's motion in limine at ECF No. 50 is **GRANTED**;
- Plaintiff's motion in limine at ECF No. 51 is **GRANTED**;

- Plaintiff's motion in limine at ECF Nos. 52 is **DENIED**;
- Plaintiff's motion in limine at ECF No. 53 is **DENIED**;
- Plaintiff's motion in limine at ECF No. 55 is **GRANTED IN PART** and **DENIED IN PART**;
- Defendant's motion in limine at ECF No. 56 is **GRANTED IN PART** and **DENIED IN PART**; and
- Defendant's motion in limine at ECF No. 57 is **DENIED.**

**IT IS SO ORDERED.**

Dated: October 13, 2026

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE